J-S16022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JEFFREY CHARLES KURTZ :
:
Appellant : No. 1270 MDA 2024

Appeal from the Judgment of Sentence Entered July 31, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000997-2008

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

JUDGMENT ORDER BY BOWES, J.:                        **FILED: MAY 30, 2025**

Jeffrey Charles Kurtz has timely appealed from the judgment of sentence of one to three years of incarceration imposed following revocation of his order of probation. We vacate the sentence and remand for resentencing.

The parties and the trial court are in agreement as to the underlying facts and necessary disposition of this appeal. Succinctly, after Appellant pled guilty to sexual offenses related to his abuse of a young child, he was sentenced in December 2009 to serve five to ten years of imprisonment followed by five years of probation. While serving the probationary tail of the sentence, Appellant was subject to the condition that he participate in sexual offender treatment. On January 25, 2024, Appellant's therapist disqualified him from his treatment program after she learned that, although in group

sessions he reported no longer considering sexual behavior and having diminished urges, he admitted elsewhere to following minor girls on his way home from work, thereby exhibiting continued interest in children and predatory behavior. Following a hearing, the trial court found that Appellant violated the conditions of his probation by being discharged from treatment for lack of meaningful participation. Upon receipt of a presentence investigation report, the court sentenced Appellant as indicated above on July 31, 2024.

In so doing, the court applied the version of 42 Pa.C.S. § 9771 ("Modification or revocation of order of probation") that was effective from December 18, 2019, to June 10, 2024. However, § 9771 was significantly amended to institute "a presumption against total confinement for technical violations of probation," and to limit the length of a sentence of total confinement to fourteen days upon revocation for a first technical violation.[1] **See** 42 Pa.C.S. § 9771(c) ("If a court imposes a sentence of total confinement following a revocation, . . . [t]he defendant shall be sentenced as follows: (i) For a first technical violation, a maximum period of 14 days."). Critically, our General Assembly indicated that the amendments to § 9771 "apply to

_____

[1] Our legislature has defined "technical violation" thusly: "A violation of the specific terms and conditions of a defendant's probation, other than by the commission of a new crime of which the defendant is convicted or found guilty[.]" 42 Pa.C.S. § 9774.1(k). **See also** 204 Pa.Code § 307.1(b) (defining the term as "[f]ailure to comply with terms of an order of probation, other than by the commission of a new offense of which the person is convicted").

individuals sentenced or resentenced on or after" its effective date. **See** § 5 of 2023, Dec. 14, P.L. 381, No. 44 (effective June 11, 2024).

Since the instant revocation sentence of one to three months of total confinement for a first technical violation was imposed after the effective date of the amended version § 9771, it is illegal in that it exceeds the fourteen-day maximum allowed by our legislature. Therefore, we agree with Appellant, the Commonwealth, and the trial court that Appellant's sentence must be vacated and the case remanded for resentencing consistent with 42 Pa.C.S. § 9771(c).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2025

- 3 -